**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| VAIL VALLEY MEDICAL CENTER, and ) | |
| KALEIDA HEALTH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:08-CV-00942 (RMU) |
| ) | |
| MICHAEL O. LEAVITT, Secretary, ) | |
| United States Department of Health and ) | |
| Human Services, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## DEFENDANT'S ANSWER

Defendant Michael O. Leavitt, Secretary of the United States Department of Health and Human Services (Secretary), by and through undersigned counsel, hereby answers the complaint in the above-captioned matter.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The plaintiffs failed to exhaust administrative remedies and waived the opportunity to raise this challenge in Court by failing to raise these issues during the notice and comment period.  See Natural Resources Defense Council, Inc. v. EPA, 25 F.3d 1063, 1074 (D.C. Cir. 1994).

### THIRD DEFENSE

Using the same numbering as the Complaint, the Secretary answers the numbered paragraphs of the Complaint as follows:

1.      Admits that plaintiffs are hospitals that participate in the Medicare program and provided outpatient hospital services in some portion of the named years.  The balance of this paragraph contains only conclusions of law and plaintiffs' characterization of this action, to which no response is required; to the extent a response is deemed necessary, denies.

2.      This paragraph contains only plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent a response is deemed necessary, denies.

3-5.    These paragraphs contain conclusions of law regarding jurisdiction and venue, to which no response is required.

6.      Admits the first sentence.  Defendant lacks sufficient information as to the truth of the second sentence.

7.      Admits that plaintiff hospitals participated in administrative appeals before the Provider Reimbursement Review Board (PRRB), that the PRRB granted expedited judicial review in the administrative appeals, and the existence of 42 U.S.C. § 1395oo(f). The balance of this paragraph contains conclusions of law and plaintiffs' characterizations of the administrative appeals and this action, to which no response is required.

8.      Admits the first sentence.  The second sentence contains plaintiffs' characterization of the complaint, to which no response is required

9.      Admits.

10-15.  Admits the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents. See 42 U.S.C. § 1395 et seq.  The balance of these paragraphs contains only conclusions of law to which no response is required.

16.    This paragraph contains only plaintiffs' characterization of this action to which no response is required.

17-18.    Admits the existence of the cited statutory provisions, to which the Court is respectfully referred for a full and accurate statement of their contents. See 42 U.S.C. §§ 1395k, *l*. The balance of these paragraphs contains conclusions of law to which no response is required.

19.    Admits the existence of the cited statutory provisions, to which the Court is respectfully referred for a full and accurate statement of their contents. See 42 U.S.C. §§ 1395f, *l*. The balance of this paragraph contains conclusions of law to which no response is required.

20.    Admits the existence of the cited regulatory provision, to which the Court is referred for a full and accurate statement of its contents. See 42 C.F.R. § 413.1. The balance of this paragraph contains conclusions of law to which no response is required; to the extent a response is deemed necessary, denies.

21-23.    Admits the existence of the cited statutory and regulatory provisions, as well as the cited judicial opinion, to which the Court is referred for a full and accurate statement of their contents. See 42 U.S.C. § 1395x(v); 42 C.F.R. pt. 413; The Kidney Center of Hollywood v. Shalala, 133 F.3d 78 (D.C. Cir. 1998). The balance of these paragraphs contains conclusions of law to which no response is required.

24.    Admits the existence of the cited judicial opinion, to which the Court is respectfully referred for a full and accurate statement of its contents. See St. Mary of Nazareth Hosp. Ctr. v. Heckler, 760 F.2d 1311 (D.C. Cir. 1985). The balance of this paragraph contains conclusions of law to which no response is required; to the extent a response is deemed necessary, denies.

25-27.  Admits the existence of the cited statutory provisions, to which the Court is respectfully referred for a full and accurate statement of their contents.  See Pub. L. No. 105-33 § 4522, Pub. L. No. 106-113 § 201(k); 42 U.S.C. § 1395x(v). The balance of these paragraphs contains conclusions of law to which no response is required.

28-31.  Admits the existence of the cited statutory provisions, to which the Court is respectfully referred for a full and accurate statement of their contents.  See Pub. L. No. 99-509 § 9343; Pub. L. No. 100-203 § 4066; 42 U.S.C. §§ 1395l.  The balance of these paragraphs contains conclusions of law to which no response is required.

32.     Admits the existence of the cited regulations to which the Court is respectfully referred for a full and accurate and statement of their contents.  See 42 C.F.R. §§ 413.118, 413.122.  The balance of this paragraphs contains conclusions of law to which no response is required.

33-35.  Admits the existence of the cited statutory provisions, to which the Court is respectfully referred for a full and accurate statement of their contents.  See Pub. L. No. 105-33 §§ 4522, 4523.  The balance of these paragraphs contains conclusions of law to which no response is required.

36.     Admits the existence of the cited regulatory provisions, to which the Court is respectfully referred for a full and accurate statement of their contents.  See 42 C.F.R. §§ 413.118, 413.122.  The balance of this paragraph contains conclusions of law to which no response is required; to the extent a response is deemed necessary, denies that the statutory authority for what plaintiffs call the "blended payment rate limits" was terminated.

37-38.  Admits the existence and publication of the cited proposed rule, though Defendant

respectfully refers the Court to the cited rule for a full and accurate statement of its contents.  <u>See</u> 63 Fed. Reg. 47552 (Sept. 8, 1998).  The balance of these paragraphs contains only conclusions of law to which no response is required.

39.    Admits the first phrase, though the Court is respectfully referred to the cited rule for a full and accurate statement of its contents; the second phrase is ambiguous and is denied insofar as it suggests that the rule did not discuss how payment would be handled prior to promulgation of the new rule.  <u>See</u> 63 Fed. Reg. at 47605-47606. The balance of this paragraph contains conclusions of law to which no response is required.

40-41.  Admits the existence of the cited statutory provision, to which the Court is respectfully referred for a full and accurate statement of its contents.  <u>See</u> Pub. L. No. 106-113 § 201(k).  The balance of these paragraphs contains conclusions of law to which no response is required.

42-44.  Admits the existence of the cited regulatory provisions, to which the Court is respectfully referred for a full and accurate statement of their contents.  <u>See</u> 65 Fed. Reg. 18434 (Apr. 7, 2000); 65 Fed Reg. 40535 (June 30, 2000).  The balance of these paragraphs contains conclusions of law to which no response is required.

45-50.  Admits the existence of the cited statutory and regulatory provisions, as well as the cited judicial opinion, to which the Court is referred for a full and accurate statement of their contents.  <u>See</u> 42 U.S.C. § 1395oo; 42 C.F.R. pt. 405 & § 413.20; <u>In re Medicare Reimbursement Litigation</u>, 309 F. Supp. 2d 89 (D.D.C. 2004).  The balance of these paragraphs contains plaintiffs' characterization of the Medicare program and conclusions of law, to which no response is required.

51.     Admits the existence of the cited statutory provision, to which the Court is respectfully referred for a full and accurate statement of its contents.  See 5 U.S.C. § 706. The balance of this paragraph contains conclusions of law to which no response is required.

52.     Admits.

53.     Admits that the fiscal years at issue in this case, or portions thereof, for Vail Valley and Kaleida occurred during the period from January 1, 1999 through July 31, 2000.  The balance of the paragraph contains only conclusions of law to which no response is required; to the extent a response is deemed necessary, deny that what plaintiffs call the "blended payment rate limits" were terminated.

54.     Admits.

55.     Admits that plaintiffs filed cost reports reflecting their claimed costs and blended rates related to some outpatient services. The balance of this paragraph contains conclusions of law to which no response is required.

56.     Admits that, for each of the cost reporting periods at issue, the respective hospital's respective fiscal intermediary issued an NPR and that each of the NPRs was issued after the hospital filed its cost report. However, Defendant lacks sufficient information at this time to confirm or deny the precise amount of time that lapsed between the filing of a cost report and the issuance of an NPR in each instance.

57.     Admits that fiscal intermediaries did not reimburse plaintiffs for all claimed costs. The balance of this paragraph contains conclusions of law to which no response is required; to the extent a response is deemed necessary, denies.

58.     Admits that Vail Valley pursued an appeal before the PRRB for the fiscal year

ending October 31, 1999, that the PRRB granted expedited judicial review, and the existence of the referenced letter from the PRRB dated April 1, 2008, to which the Court is respectfully referred for a full and accurate statement of its contents.  Certified Administrative Record (A.R.) 355-56.  Defendant lacks information as to plaintiff representative's receipt of the PRRB letter. The balance of this paragraph contains only plaintiffs' characterizations of the administrative appeal and conclusions of law to which no response is required.

59.     Admits that Vail Valley pursued an appeal before the PRRB for the fiscal year ending October 31, 2000, that the PRRB granted expedited judicial review, and the existence of the referenced letter from the PRRB dated April 1, 2008, to which the Court is respectfully referred for a full and accurate statement of its contents (A.R. 1-2).  Defendant lacks information as to plaintiff representative's receipt of the PRRB letter.  The balance of this paragraph contains only plaintiffs' characterizations of the administrative appeal and conclusions of law to which no response is required.

60.     Admits that Kaleida pursued an appeal before the PRRB for the fiscal year ending December 31, 1999, that the PRRB granted expedited judicial review, and the existence of the referenced letter from the PRRB dated May 22, 2008, to which the Court is respectfully referred for a full and accurate statement of its contents.  (A.R. 657-58).  The balance of this paragraph contains only plaintiffs' characterizations of the administrative appeal and conclusions of law to which no response is required.

61.     Admits that Kaleida pursued an appeal before the PRRB for the fiscal year ending December 31, 2000, that the PRRB granted expedited judicial review, and the existence of the referenced letter from the PRRB dated May 22, 2008, to which the Court is respectfully referred

for a full and accurate statement of its contents. (A.R. 735-36). The balance of this paragraph contains only plaintiffs' characterizations of the administrative appeal and conclusions of law to which no response is required.

62A-H. This paragraph contains plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent a response is deemed necessary, denies. The Court is respectfully referred to the cited statutory provisions, regulations, and judicial opinions for a full and accurate statement of their contents.

63A-D. This paragraph contains only plaintiffs' prayer for relief, to which no response is required. Defendant denies that plaintiffs are entitled to the relief requested, or to any relief at all.

Defendant hereby denies all allegations in the Complaint not expressly admitted or denied.

WHEREFORE, defendant requests that plaintiffs' prayer for relief be denied, that this action be dismissed with prejudice, and that defendant be awarded his costs and such other relief as may be appropriate.


Dated: August 11, 2008                    Respectfully submitted,

                                          GREGORY G. KATSAS
                                          Assistant Attorney General

                                          JEFFREY A. TAYLOR
                                          United States Attorney

                                          SHEILA LIEBER
                                          Deputy Branch Director, Federal Programs Branch


-8-

By:     /s/ Kyle R. Freeny
         KYLE R. FREENY (California Bar # 247857)
         Trial Attorney
         U.S. Department of Justice, Civil Division
         P.O. Box 883, Washington, DC  20044
         Telephone:  (202) 514-5108
         Facsimile:  (202) 616-8202
         Email:  Kyle.Freeny@usdoj.gov
         *Counsel for Defendants*